**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronald Lee BENNETT, Defendant–Appellant.**

No. 00–30236.

D.C. No. CR–99–60049–MRH.

United States Court of Appeals,
Ninth Circuit.

Argued Nov. 6, 2001.

Submitted Jan. 14, 2002.

Decided Jan. 16, 2002.

Before HUG, T.G. NELSON, and GOULD, Circuit Judges.

### MEMORANDUM *

Ronald Lee Bennett appeals his conviction and sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

 The district court did not abuse its discretion [1] when it denied Bennett's motion for a new trial based on alleged prosecutorial misconduct. The prosecutor's references to the codefendant's guilty plea were proper.[2] The guilty plea of a codefendant "may properly be considered by the jury in evaluating witness credibility." [3] That is precisely what the prosecution suggested the jury do when it referred to Bell's guilty plea during closing

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *United States v. Scholl*, 166 F.3d 964, 974 (9th Cir.1999).

2. *See United States v. Halbert*, 640 F.2d 1000, 1006 (9th Cir.1981).

3. *Id.* at 1004.

argument. We affirm the district court as to this issue.

■ Bennett's argument that the district court erred when it failed to dismiss counts two through twelve of the indictment also fails. In *United States v. Bonallo*,[4] we decided that a scheme to defraud a bank under 18 U.S.C. § 1344 does not require "that the misrepresentation actually precede the bank's transfer of money or property to the perpetrator."[5] The indictment was adequate pursuant to *Bonallo*, and we affirm on this issue as well.

The district court also properly held that sufficient evidence supported Bennett's conviction as to counts thirteen and fourteen. The Government introduced evidence, including testimony from a bank official, that was more than sufficient to prove beyond a reasonable doubt that Bennett made false statements for the purpose of influencing the actions of the bank.[6]

■ The district court erred regarding only one of its in limine holdings, admitting evidence of a state-imposed injunction and Bennett's violation of that injunction. However, we conclude that the error was harmless beyond a reasonable doubt,[7] in light of the overwhelming evidence against Bennett.

Bennett also raises several sentencing issues. We asked for additional briefing on whether the enhancements applied by the district court were proper in light of two recent cases, *United States v. Jordan*[8]

and *Valensia v. United States*.[9] Having considered that briefing, we conclude that, although the district court applied the wrong standard of proof, it did not plainly err. Regardless of the standard applied, the evidence supported the enhancements.

■ In this case, we review the district court's application of the standard of proof for plain error because Bennett failed to object to the application of the preponderance standard at sentencing.[10] Thus, Bennett must establish that the asserted error violated his substantial rights.[11] We conclude that he has not done so.

The evidence at trial against Bennett, as well as that presented at sentencing, was overwhelming. Bennett relies primarily on his own testimony in arguing that the evidence supporting the enhancements was contested and could not satisfy the clear and convincing standard. However, the court clearly did not consider Mr. Bennett to be credible. In light of the other evidence presented, the enhancements were justified. Bennett's argument based on the injunction fails as well. The Government introduced evidence sufficient to show, under any standard, that Bennett violated the injunction.

■ We also conclude that the district court correctly calculated the amount of loss for sentencing purposes. Pursuant to *United States v. Stoddard*[12] and United States Sentencing Guideline § 2F1.1, for sentencing purposes, the loss is what "the

---

**4.** 858 F.2d 1427 (9th Cir.1988).

**5.** *Id.* at 1428, 1432–34.

**6.** *See United States v. Crawford*, 239 F.3d 1086, 1092 (9th Cir.2001) (setting forth standard of review).

**7.** *See Neder v. United States*, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999) (setting forth standard of review).

**8.** 256 F.3d 922 (9th Cir.2001).

**9.** 532 U.S. 901, 121 S.Ct. 1222 (2001) (remanding for reconsideration).

**10.** *United States v. Jordan*, 256 F.3d at 925–26.

**11.** *Id.* at 930.

**12.** 150 F.3d 1140, 1145–46 (9th Cir.1998).

defendant caused *or intended to cause.*[13] The amount calculated by the district court correctly reflects the amount of loss Bennett intended to cause. Accordingly, we affirm.

AFFIRMED.